UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FELIX DANIEL VEIGA,

               Petitioner,

    v.

PAMELA BONDI, *et al.*,

               Respondents.

Case No. C25-2168-TMC-MLP

ORDER, § 2241 SERVICE

       This is a 28 U.S.C. § 2241 habeas action. Petitioner Felix Daniel Veiga seeks release from the Northwest Immigration and Customs Enforcement Processing Center, arguing that removal to Cuba is not reasonably foreseeable and that his continued detention is therefore in violation of *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). (Dkt. # 1 at 3.) Courts have discretion in setting the briefing schedule for a § 2241 habeas petition and consider the individual circumstances of each case when determining appropriate deadlines. *See Clutchette v. Rushen*, 770 F.2d 1469, 1474-75 (9th Cir. 1985).

       Here, Petitioner alleges the following sequence of events: He entered Florida from Cuba in 2008 and adjusted to Lawful Permanent Resident status on July 15, 2010. (Dkt. # 1 at 5.) On August 23, 2011, he was convicted of Possession of Fifteen or More Unauthorized Access

ORDER, § 2241 SERVICE - 1

Devices and sentenced to 48 months' imprisonment. (*Id.* at 5-6.) This conviction led to a Notice to Appear from the Department of Homeland Security ("DHS") on July 10, 2013. (*Id.* at 6.) While incarcerated, Mr. Veiga, through counsel, stipulated to his removal, which an immigration judge ordered on August 27, 2013. (*Id.*) Due to DHS's inability to effectuate removal, however, he was placed on an Order of Supervision on March 5, 2014. (*Id.*) On May 28, 2014, he was released from federal custody to begin supervised release. (*Id.*) After more than a decade of compliance with supervision requirements, Mr. Veiga was re-detained by Immigrations Customs Enforcement ("ICE") during a routine check-in on May 30, 2025. (*Id.*)

Given Mr. Veiga's prolonged residence in the United States, coupled with ICE's apparent inability to obtain travel documents from Cuba, the fact that Mr. Veiga has unsuccessfully attempted to obtain a travel document from Cuba, and Cuba's lack of agreement to accept him (*see* dkt. # 1 at 9), the Court concludes that expedited briefing is warranted. *See*, *e.g.*, *Kumar v. Wamsley*, 2025 WL 2677089, at *3 (W.D. Wash. Sept. 17, 2025) (recognizing a strong liberty interest in non-citizens previously released from ICE custody); *Ramirez Tesara v. Wamsley*, 2025 WL 2637663, at *3 (W.D. Wash. Sept. 12, 2025) (emphasizing that re-detention implicates due process rights); *E.A. T.-B. v. Wamsley*, 2025 WL 2402130, at *5 (W.D. Wash. Aug. 19, 2025) (finding the government's interest in re-detaining previously released non-citizens without a hearing is low).

For the foregoing reasons, the Court hereby ORDERS:

(1) If not previously accomplished, electronic posting of this Order and Petitioner's § 2241 habeas petition (dkt. # 1) shall effect service upon the United States Attorney of the petition and all supporting documents. Service upon the United States Attorney is deemed to be service upon the named Respondent(s).

(2) On or before **November 11, 2025**, Respondent(s) shall show cause why a writ of habeas corpus should not be granted by filing a return as provided in 28 U.S.C. § 2243. As a part of such return, Respondent(s) shall address and submit evidence relevant to Petitioner's allegation that his detention is unlawful. Respondent(s) shall file the return with the Clerk of the Court and shall serve a copy upon Petitioner.

(3) Petitioner may file and serve a response no later than **November 14, 2025**. Respondents may file and serve a reply no later than **November 19, 2025**, and the Clerk shall note the matter as ready for the Court's consideration on **November 19, 2025**.

(4) The Clerk is directed to send copies of this order to the parties and to the Honorable Tiffany M. Cartwright.

(5) The parties have a right to consent to have the case heard by the undersigned Magistrate Judge. Consent is voluntary. Counsel for the parties are directed to indicate whether they consent or decline consent by no later than **November 11, 2025**, by emailing Deputy Tim Farrell at tim_farrell@wawd.uscourts.gov. If the parties consent, the undersigned Magistrate Judge will preside over the entire case through judgment. If the parties decline, the case will remain assigned to District Judge Cartwright.

Dated this <u>4th</u> day of November, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER, § 2241 SERVICE - 3